## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2017, 6:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Theron Hunter,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 16, 2017

Court of Appeals Case No.
69A04-1608-CR-1792

Appeal from the Ripley Circuit Court

The Honorable Jeffrey L. Sharp, Special Judge

Trial Court Cause No.
69C01-1601-F5-3

**Crone, Judge.**

## Case Summary

Theron Hunter pled guilty to level 5 felony failure to register as a sex offender with a prior conviction and was sentenced to six years executed. He now appeals, claiming that the sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

In January 2016, the State charged Hunter with level 5 felony failure to register as a sex offender with a prior conviction.[1] The State later alleged that Hunter was a habitual offender based on two prior convictions for class C felony child molesting. In June 2016, Hunter agreed to plead guilty to the level 5 felony count, in exchange for which the State agreed to dismiss the habitual offender count. Sentencing was left to the trial court's discretion. The court accepted Hunter's plea and held a sentencing hearing. In its sentencing order, the court found Hunter's criminal history to be a "significant aggravating factor" and noted that the presentence investigation risk assessment score put Hunter "in the High risk category to reoffend." Appealed Order at 2. The court also acknowledged Hunter's guilty plea but noted that he had "received a substantial benefit" with the dismissal of the habitual offender count, and therefore the court found "that the mitigating aspect of the plea is diminished in this

---

[1] *See* Ind. Code § 11-8-8-17 (sex offender who knowingly or intentionally fails to register when required under this chapter commits level 6 felony; offense is level 5 felony if sex offender has prior unrelated conviction for offense under this section).

context." *Id*. at 3. The court found that the aggravating factors outweighed the mitigating factors and sentenced Hunter to six years executed. Hunter now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[3] Hunter asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Kunberger v. State*, 46 N.E.3d 966, 972 (Ind. Ct. App. 2015). The principal role of appellate review is to leaven the outliers, not to achieve the perceived correct result in each case. *Id*. at 973. "We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record." *Wells v. State*, 2 N.E.3d 123, 131 (Ind. Ct. App. 2014), *trans. denied*. "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Brown v. State*, 52 N.E.3d 945, 954 (Ind. Ct. App. 2016), *trans. denied*. The question is not whether another sentence is more appropriate but whether the sentence imposed is inappropriate. *Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015).

"The advisory sentence is the starting point the legislature selected as an appropriate sentence for the crime committed." *Blair v. State*, 62 N.E.3d 424, 430 (Ind. Ct. App. 2016). The crime that Hunter committed is failure to register as a sex offender with a prior conviction, which is a level 5 felony. Ind. Code § 11-8-8-17(b). The sentencing range for a level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b).

In determining the appropriateness of a deviation from the advisory sentence, one factor we consider is whether there is anything more or less egregious about the defendant's offense "that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Wells*, 2 N.E.3d at 131. In a letter attached to the presentence investigation report, Hunter claimed that he had registered with local authorities only two days after the deadline,[2] that he had been working a "split schedule" six or seven days a week[3] and caring for a terminally ill friend during his free time, and that the registration date "slipped [his] mind temporarily" because he had been "stressed and challenged at and around the time of this violation." Appellant's App. Vol. 2 at 57. Hunter relies on this letter in arguing that "[t]he nature of [his] offense is that an offender accidentally forgot his registration date and

---

[2] The sentencing transcript indicates that Hunter was required to register every ninety days because of his status as a sexually violent predator, which was due to the age of his niece, who was one of his victims. Tr. at 10, 15-16.

[3] According to the letter, Hunter worked from 7:00 to 10:00 a.m., 3:00 to 6:00 p.m., and 9:30 to 10:00 p.m. Appellant's App. at 57.

completed his requirement two days after the deadline." Appellant's Br. at 9. We note that Hunter's version of events was not submitted under oath subject to the penalties for perjury. The trial court was not required to believe it in any event, and the sentencing order does not indicate that it did.[4] Given Hunter's prior conviction for failure to register, the court may well have been skeptical of Hunter's claims. The nature of the offense may not be particularly egregious, but we must also account for Hunter's character in determining the appropriateness of his sentence.[5]

[6] "When considering the character of the offender, one relevant fact is the defendant's criminal history. The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Wells*, 2 N.E.3d at 131 (citation omitted). In 1994, Hunter was convicted of class C felony child molesting.[6] He violated his probation for that offense by committing another class C felony

---

[4] For this reason, we are unpersuaded by Hunter's reliance on *Douglas v. State*, 878 N.E.2d 873 (Ind. Ct. App. 2007), as it relates to his character. We also find *Douglas* unpersuasive because it involves a first offense for failure to register.

[5] The State argues that "[t]his is [Hunter's] second charge for failing to register as a sex offender as required by the court, which makes this crime particularly egregious." Appellee's Br. at 10. Without wishing to minimize Hunter's crime, we disagree. The legislature made a first offense punishable as a level 6 felony and accounted for the seriousness of a second offense by elevating it to a level 5 felony. Ind. Code § 11-8-8-17. If this were Hunter's third offense, we might find the State's argument more persuasive.

[6] According to Hunter, this conviction triggered his obligation to register as a sex offender. Appellant's Br. at 8. Hunter asserts that the trial court "could not use the triggering offense to enhance a sentence." *Id.* (citing *Douglas*, 878 N.E.2d at 881). The trial court did not rely solely on the 1994 child molesting conviction to enhance Hunter's sentence, and the court was well within its discretion in using Hunter's second child molesting conviction and probation violation to impose a sentence greater than the advisory term.

molestation, for which he was convicted in 2000. In 2013, he was convicted of class D felony failure to register as a sex offender and also was found to be a habitual offender. In its sentencing order, the trial court stated that "[t]he sole purpose of the Sex and Violent [Offender] Registry is to protect the community and keep contact with individuals who have been convicted of certain offenses" and found Hunter's criminal history to be "a significant aggravating factor in this context." Appealed Order at 2. The court also noted that the presentence investigation risk assessment score put Hunter "in the High risk category to reoffend." *Id.*

[7] Hunter is a repeat offender in the truest sense of the phrase, having twice committed both child molesting and failure to register as a sex offender. He victimized some of the most vulnerable members of society and then failed to comply with the registration requirements that are designed to protect the public from sexual predators like him. After Hunter was convicted of his first child molesting offense, he took advantage of the trial court's leniency and violated his probation by committing a second molestation. Hunter accepted responsibility for his current offense and conserved judicial resources by pleading guilty, but, as the trial court correctly observed, he received a substantial benefit in return when the State agreed to dismiss the habitual offender count. Clearly, Hunter learned nothing from his prior contacts with the criminal justice system, and he is unable to obey the law even under close judicial supervision. In sum, Hunter has failed to persuade us that his sentence

is inappropriate in light of the nature of the offense and his character. Therefore, we affirm.

[8]     Affirmed.


Riley, J., and Altice, J., concur.